UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BERRY TYLER, a/k/a WILLIAM TYLER, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTER COUNTY JAIL, *et al.*, )<br>Defendants. ) | CAUSE NO.: 2:19-CV-450-JVB-JEM |

## **OPINION AND ORDER**

Berry Tyler, also known as William Tyler, was confined at the Porter County Jail when he filed a complaint against three defendants based on a variety of separate and unrelated incidents.[1] ECF 1. Because the unrelated claims belonged in separate suits, *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and *Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017), the Court ordered him to file an amended complaint containing only related claims. *See* ECF 11. Tyler was directed to:

> write a short and plain statement telling what each defendant he is suing did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. And, he needs to use each defendant's name every time he refers to that defendant. If Tyler wants to pursue any other unrelated claims, he needs to use a different blank complaint form. If he files additional complaints, he should not put a cause number on the other complaint forms because they will be used to open new cases.

*Id*. at 2. Tyer filed an amended complaint, which names the Porter County Jail, Srg. Young, Captain Williams, Ass. Warden Gaydos, Warden Lawrence, and Ms. Kim as defendants. ECF 14. He also filed an amended complaint against the Valparaiso Police Department under this same cause number. ECF 14. However, because that later filed complaint is unsigned, it will be stricken.

---

[1] He has since been transferred to the Richmond State Hospital. ECF 20.

*See Marcure v. Lynn*, ---F.3d---, 2021 WL 1138110 (7th Cir. Mar. 25, 2021) ("The text of the rule is clear: Rule 11(a) does not give courts discretion to overlook a party's failure to correct promptly an unsigned filing, much less require a prejudice inquiry prior to striking such a filing."). Therefore, the court will proceed to screen the first amended complaint.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

To start, Tyler cannot proceed against the Porter County Jail. Although the Porter County Jail is where the events in question occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v.*

2

*Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

Next, Tyler attempts to advance claims sounding in sovereign citizen theory against several correctional officials. He alleges he showed Srg. Young and Captain Wiliams his "fictious name claim paperwork and said I wasn't a citizen and the paperwork stating that I was self-governed. And turned in SS# and closed account." ECF 14 at 2. He also alleges he asked Warden Lawrence and Assistant Warden Gaydos for a copy of his police report, but they informed him they "don't honor fictious name claim or fact I turned in social security number and settling all debts and closing the Q11 account and the paper." *Id*. at 3. Claims grounded in sovereign citizen theories are legally frivolous and have no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). He may not proceed on such claims.

Tyler also alleges his medications were changed, which affected his mental health. Under the Constitution, inmates are entitled to constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is unclear whether Tyler is a convicted prisoner or whether he is a pretrial detainee, but—for purposes of this order only—the court will assume he is a pretrial detainee.[2] As such, his claims will be assessed under the Fourteenth Amendment, which "prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*,

---

[2] On the complaint form, when asked when the events happened, Tyler checked the box for "other" and wrote "Lake Station IN Valparaiso IN and Porter County Jail: UCCH-207." ECF 14 at 5. If Tyler chooses to file an amended complaint, he must clarify his prisoner status.

3

441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Here, Tyler alleges only that Ms. Kim did not "listen to what [he said] about [his] meds." ECF 14 at 2. He states he refused his bipolar medication "after taking it for a while because he could not function and focus on [his] legal work," so they switched him to an antidepressant. *Id*. The change allegedly did not allow him to function as well as he did on the outside. Considering that Tyler admits he refused to take the initial medication, it was not objectively unreasonable for him to be prescribed a new one. *See Miranda*, 900 F.3d at 353–54. And, the threadbare allegation that Ms. Kim didn't listen to him when he brought up his medication concerns does not state a plausible claim. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (facts must be sufficient so that a claim is "plausible on its face"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("[T]he Constitution is not a medical code that mandates specific medical treatment.").

Finally, Tyler appears to allege he was denied access to the courts. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). "The right of access

4

to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Here, Tyler alleges he was "trying to file police report on Lake Station PD and Valpo PD" but was not provided the proper paperwork by Srg. Young and Captain Williams. He alleges the Porter County Jail's law library is insufficient due to the lack of forms and because they do not allow him to notarize his legal filings. He admits they provided him with a tablet, but he alleges it was restricted for security reasons. None of these vague allegations states a plausible claim. *See Iqbal*, 556 U.S. at 678. It is unclear what forms he needed, but the Court notes he was sent prisoner complaint forms by the clerk (ECF 13) and that Tyler used them to file complaints in this case and others. Notably, there is no requirement that the forms must be notarized. Although Tyler references restrictions on the jail-supplied tablet, he does not state what specific materials he was trying but unable to obtain. Overall, Tyler does not identify any potentially meritorious legal claims he wished to pursue let alone allege that they were prejudiced by the defendants' actions. Therefore, he has not stated a plausible claim for denial of access to the courts. *See Marshall*, 445 F.3d at 968.

Although the current complaint states no valid claims, the Court will give Tyler an opportunity to file a second amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022-25 (7th Cir. 2013). If he chooses to do so, it should be done on the Court's approved form, which will be sent to him by the clerk. The second amended complaint must provide as much detail as possible about the events in question—explaining what happened, when it happened, where it happened, who was involved, how the events that transpired personally injured him, and the extent of his injuries. Of note, a second amended complaint should only be filed if Tyler believes the deficiencies set forth in this order can be rectified.

For these reasons, the Court:

(1) **DIRECTS** the clerk to send Berry Tyler, a/k/a William Tyler, a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this cause number on it;

(2) **GRANTS** Berry Tyler, a/k/a William Tyler, until **April 30, 2021**, to file a second amended complaint as described above; and

(3) **CAUTIONS** Berry Tyler, a/k/a William Tyler, that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 2, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT